**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher M. Hall, | No. CV-13-02502-PHX-DJH (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Third Amended Complaint and Plaintiff's Response to the Court's June 26, 2015 Order to Show Cause. (Docs. 32, 33.) Plaintiff filed his initial Complaint in this action on December 9, 2013. (Doc. 1.) On April 11, 2014, Plaintiff filed his First Amended Complaint, asserting a medical care claim against Sheriff Joseph Arpaio and the Maricopa County Sheriff's Office. (Doc. 8.) On August 22, 2014, the Court granted Plaintiff *in forma pauperis* status, dismissed the First Amended Complaint for failure to state a claim, and allowed Plaintiff 30 days to file a second amended complaint. (Doc. 14.) On September 12, 2014, Plaintiff filed a Second Amended Complaint, asserting a medical care claim against Defendant Arpaio. (Doc. 16.) On May 11, 2015, the Court screened the Second Amended Complaint, ordered Defendant Arpaio to answer Count One, and directed Plaintiff to return a completed service packet for Defendant Arpaio within 21 days. (Doc. 27.)

. . . .

. . . .

The deadline for returning the completed service packet expired on June 1, 2015. The Court did not receive a service packet from Plaintiff by the deadline. Accordingly, on June 26, 2015, the Court issued an Order to Show Cause, requiring Plaintiff, within 14 days, to either return to the Clerk of Court a completed service packet for Defendant Arpaio or show cause why this matter should not be dismissed for failure to comply with the Court's Order, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 29.)

On July 20, 2015, Plaintiff filed a Third Amended Complaint and a Response to the Court's Order to Show Cause. (Docs. 32, 33.) In his Response, Plaintiff asserts that he completed and returned a service packet for Defendant Arpaio on June 9, 2015. Plaintiff requests the Court "accept the new amended complaint and proceed accordingly, or [] send a blank service package to be completed by Plaintiff for service upon Defendant." (Doc. 33 at 2.) Plaintiff claims that his Third Amended Complaint "encompass[es] the original complaint, and the second amended complaint." (*Id.*) In Plaintiff's Third Amended Complaint, he names Sheriff Arpaio as the Defendant, reasserts his Eighth Amendment medical care claim in Count One, and asserts two additional unconstitutional conditions of confinement claims—one claim regarding overcrowding and one claim for failure to provide a way in which to clean the toilets inside inmate cells. (Doc. 32 at 4-5.)

The Court construes Plaintiff's "Response to Court Order" as a Motion for leave to file his Third Amended Complaint. As detailed below, the Court will grant Plaintiff's Motion and, after screening the Third Amended Complaint, will dismiss Counts Two and Three and order Defendant Arpaio to answer Count One.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

### a. Plaintiff's Third Amended Complaint

In his three-count Third Amended Complaint, Plaintiff sues Defendant Arpaio and asserts one claim for the denial of constitutionally adequate medical care, and two claims for unconstitutional conditions of confinement. Plaintiff seeks monetary damages.

In Count One, Plaintiff re-alleges the facts he set forth in Count One of his Second Amended Complaint. (*See* Docs. 16, 32.) In Count Two, Plaintiff asserts that "[o]n

1  several occasions (10 or more) inmates were forced into grossly overcrowded holding
2  cells for up to 4 and 5 hours without even enough room" to sit. (Doc. 32 at 4.) Plaintiff
3  also asserts that "[w]hen grievance procedures were filed, answers were unsatisfactory
4  and [the] issue was not resolved." (*Id.*) Further, Plaintiff claims that "they admitted to
5  overcrowding, yet stated it was for minimal time and unavoidable." (*Id.*) However,
6  Plaintiff contends, even after the cells were remodeled to accommodate more inmates,
7  they were overcrowded. (*Id.*) Finally, Plaintiff asserts that the overcrowding has caused
8  him to suffer joint damage in light of his rheumatoid arthritis. (*Id.*)

In Count Three, Plaintiff asserts that "[t]he jail refuses to provide any way for inmates to clean their toilets, which are inside the cell and attached to the clean water supply." (*Id.* at 5.) Plaintiff contends that "[r]esponses from grievances were to use a plastic bag, use [a] shower rag, or use the mop to clean [the] toilet." (*Id.*) Plaintiff asserts that "[t]his whole situation . . . subjects inmates to a plethora of diseases, bacteria, virus[es], and general unsanitary conditions." (*Id.*)

### b. Failure to State a Claim

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319, (1986). To state a claim for unconstitutional conditions under the Eighth Amendment, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994); *see Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002). That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm. *Farmer*, 511 U.S. at 834. Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation omitted). These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996). "The more basic the need, the shorter the time it can be withheld." *Hoptowit v. Ray*, 682 F.2d 1287, 1259 (9th Cir. 1982).

In addition to alleging facts to support that he is confined in conditions posing a substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety. *See Farmer*, 511 U.S. at 837. In defining "deliberate indifference" in the prison context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* A plaintiff must also allege how he was injured by the alleged unconstitutional conditions. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm).

Here, Plaintiff claims that "the jail" allowed overcrowding and failed to provide

Plaintiff with a way in which to clean the toilet in his cell. However, Plaintiff fails to allege that Defendant Arpaio was aware of a substantial risk of harm, and acted with deliberate indifference to Plaintiff's health or safety. Indeed, Plaintiff fails to set forth any specific allegations regarding Defendant Arpaio in Counts Two and Three. Further, while Plaintiff asserts that he submitted grievances regarding his request for relief in Counts Two and Three, he fails to identify to whom he submitted the grievances. Accordingly, Plaintiff has failed to state a claim in Counts Two and Three of his Third Amended Complaint, and the Court will dismiss those Counts.

### c. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated an Eighth Amendment medical care claim based on a policy, practice, or custom against Defendant Arpaio in Count One. Accordingly, the Court will require Defendant Arpaio to answer Count One of the Third Amended Complaint.

## II. Warnings

### a. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release, or (2) file a non-prisoner application to proceed *in forma pauperis*. Failure to comply may result in dismissal of this action.

### b. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### c. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a

certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### d. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED** that:

(1) The reference to the Magistrate Judge as to Plaintiff's Response to the Court's Order to Show Cause (Doc. 33), which the Court construes as a Motion for leave to amend, and the screening of Plaintiff's Third Amended Complaint (Doc. 32) is withdrawn. All other matters remain referred to the Magistrate Judge for disposition as appropriate.

(2) Plaintiff's Motion for leave to amend (Doc. 33) is granted.

(3) Counts Two and Three of Plaintiff's Third Amended Complaint are dismissed.

(4) Defendant Arpaio must answer Count One of the Third Amended Complaint.

(5) The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant.

(6) Plaintiff must complete and return the service packet for Defendant to the Clerk of Court within 21 days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order,

whichever is later, the action may be dismissed. *See* Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant Arpaio of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:**

(a) personally serve copies of the Summons, Third Amended Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

. . . .

. . . .

(11) Defendant must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**Dated** this 27th day of October, 2015.

_____
Honorable Diane J. Humetewa
United States District Judge